

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. A. Davis
State Registrar
State Board of Health
Austin, Texas

Dear Sir:

Opinion No. O-2673
Re: Whether county judge
should certify his
disqualification to
the Governor to pass
upon the filing for
record of his own and
his brothers' and
sisters' birth record.

    This will acknowledge receipt of your letter of August 22, 1940, requesting the opinion of this department upon the following matter:

    "Judge H. C. McClure, County Judge of Jack County, Texas, states that he and his brothers and sisters were born in Jack County; that at present he is County Judge of that county and asks if, under the provisions of House Bill 614, 46th Legislature, 1939, he, as Probate Judge, can pass on his own birth certificate and that of his brothers and sisters and order them filed. Or, should he certify his disqualification and ask the Governor to appoint a Special Judge to act on these matters."

    House Bill No. 614, Acts 1939, 46th Legislature, p. 346, provides for the registration of births and deaths not previously registered. The procedure to be followed is that a record be submitted to the Probate Court in the following manner:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable W. A. Davis, Page 2

"'And provided further, that any citizen
of the State of Texas wishing to file the re-
cord of any birth or death, not previously
registered, may submit to the Probate Court
in the county where the birth or death oc-
curred, a record of that birth or death written
on the adopted forms of birth and death certi-
ficates. The certificate shall be substantiat-
ed by the affidavit of the medical attendant
present at the time of the birth, or in case
of death, the affidavit of the physician last
in attendance upon the deceased, or the under-
taker who buried the body. When the affidavit
of the medical attendant or undertaker cannot
be secured, the certificate shall be supported
by the affidavit of some person who was ac-
quainted with the facts surrounding the birth
or death, at the time the birth or death oc-
curred, with a second affidavit of some per-
son who is acquainted with the facts surround-
ing the birth or death, and who is not related
to the individual by blood or marriage. The
Probate Court shall require such other in-
formation or evidence as may be deemed neces-
sary to establish the citizenship of the indi-
vidual filing the certificate, and the truth-
fulness of the statements made in that record.
The Clerk of the said Court shall forward the
certificate to the State Bureau of Vital sta-
tistics with an order from the Court to the
State Registrar that the record be, or be
not, accepted. The State Registrar is author-
ized to accept the certificate when verified
in the above manner, and shall issue certified
copies of such records as provided for in
Section 21 of this Act. Such certified copies
shall be prima Facie evidence in all Courts
and places of the facts stated thereon. The
State Bureau of Vital Statistics shall furnish
the forms upon which such records are filed,
and no other form shall be used for that pur-
pose.'"

Note that the Probate Court is required to pass
upon the facts surrounding the birth or death and may re-
quire additional evidence if necessary.

Article 15, Revised Civil Statutes, 1925, reads as follows:

"No judge or justice of the peace shall sit in any case wherein he may be interested or where either of the parties may be connected with him by affinity or consanguinity within the third degree, or where he shall have been counsel in the case."

It is clear that under Article 15 of the Revised Civil Statutes, and Section 11 of Article V of the Constitution from which Article 15 springs, the County Judge of Jack County is not only related to those who wish to prove the records of their birth; he is also interested in the registration of his own birth certificate. Undoubtedly he is disqualified to preside over these probate proceedings.

Article 1932, Vernon's Annotated Civil Statutes, as amended, was enacted to take care of just such situations. It reads as follows:

"When a county judge is disqualified to act in any probate matter, he shall forthwith certify his disqualification therein to the Governor, whereupon the Governor shall appoint some person to act as special judge in said case, who shall act from term to term until such disqualification ceases to exist. A special judge so appointed shall receive the same compensation as is now or may hereafter be provided by law for regular judges in similar cases, and the Commissioners' Court shall, at beginning of each fiscal year, include in the budget of the county, a sufficient sum for the payment of the special judge or judges appointed by the Governor to act for the regular county judge. As amended Acts 1939, 46th Leg., p. 187, § 1."

Consequently, it is the opinion of this department and you are respectfully advised that the County Judge of

Honorable W. A. Davis, Page 4

Jack County who desires to cause to be filed for record
the birth certificate of himself, his brothers and sisters,
as provided for in House Bill No. 614, Acts 1939, 46th
Legislature, should, as provided in Article 1932, supra,
certify his disqualification to the Governor whose duty it
will be to appoint some suitable person to serve as county
judge in his place.

                              Very truly yours

                         ATTORNEY GENERAL OF TEXAS

                    By        James D. Smullen
                                       James D. Smullen
                                            Assistant

JDS:RB

APPROVED SEP 4, 1940

          Gerald C. Mann
ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY ____
CHAIRMAN